FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 22, 2022

SEAN F. McAVOY, CLERK

AUSA: PJC

County: Spokane

*In re Affidavit in Support of Criminal Complaint as to Raymond Keith HEWLETT*

State of Washington  )
                     ss
County of Spokane    )

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Timothy Wihera, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint seeking the arrest of Keith HEWLETT for violating 21 U.S.C. § 841(a)(1), Unlawful Distribution of a Controlled Substance.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, & Explosives (ATF) and have been since December 2018. Prior to serving as a federal agent, I served as a police officer in the City of Colorado Springs, Colorado, for over four years with primary duties as a patrol officer. During my time as a law enforcement officer, I have participated in numerous investigations into the distribution of controlled substances and violations of federal firearms laws.

3. The facts set forth below are based upon (1) my own personal observations; (2) reports and information provided to me by other law enforcement agents or government agencies; (3) evidence collected through investigative operations. Because this affidavit is being submitted solely for establishing probable cause to support a criminal complaint, I have not

Affidavit of Timothy Wihera - 1                             2:22-mj-00078-JAG

included each and every fact known to me concerning this investigation. I have only set forth facts necessary to support the authorization of the requested arrest warrant and criminal complaint.

## INVESTIGATION

4. On April 29, 2021, Federal Bureau of Investigations (FBI) Task Force Officer (TFO) Joshua Nations applied for and received a federal search warrant for the premises located at 2527 East South Crescent Circle Avenue, Spokane, Washington (*2:21-mj-00227-JTR*).

5. In his affidavit in support of his application for the warrant, TFO Nations wrote that TFO Nathan Booth interviewed a Cooperating Defendant (CD) in January 2021. The CD has known prior felony convictions in two states including Washington: Residential Burglary (x2), Theft (x3), Forgery (x2), Assault (x2), and Controlled Substance Possession. The CD gave information freely with the stated intention of changing his/her life, helping law enforcement upon his/her release from custody, and entering drug treatment to get clean from drugs. Information the CD provided, outside the scope of this affidavit, was independently corroborated to be true and reliable. The CD did not receive consideration for providing the information.

6. The CD advised that a man named "Keith" (later established to be HEWLETT) was involved in drug trafficking. HEWLETT was married to a female named Stacia, and they were both approximately in their 50s. The CD said that HEWLETT usually deals drugs out of his house or has his wife Stacia drive him around. The CD advised he/she knew of other drug dealers that got their drugs directly from HEWLETT. The CD stated he/she believed that HEWLETT got his drug supply from a Mexican man in Pasco, Washington. The CD stated that HEWLETT wanted the CD to drive him (HEWLETT) to Pasco to get resupplied, but the CD had declined. The CD advised that the CD was at HEWLETT's house in November 2020, which the

CD described as white, with a tall green hedge on one side. There was also a towing camper with a deck next to the house. While at HEWLETT's residence, the CD was invited down to the basement, where he observed a large marijuana grow of approximately 30-50 large plants. He/she also observed 20-30 blue packages in the basement and heard HEWLETT and another drug dealer bragging about having 26 pounds to sell. The CD believed, based on his/her observations and the overheard conversation, that there was 26 pounds of methamphetamine in the basement. The CD also advised he/she knew HEWLETT and Stacia owned a small silver SUV and a white Acura.

7. TFO Booth later went to the above-described location, and found the house and vehicles as described, at 2527 E South Crescent Ave, Spokane, WA. A review of Spokane County Assessor records shows that the owners of that residence are Raymond K. Hewlett, date of birth 01/03/1965, and Stacia L. Hewlett, date of birth 06/11/1963.

8. In December 2020, and March 2021, TFO John Hernandez interviewed a Spokane County Sheriff's Office (SCSO) Confidential Human Source (CHS). Per TFO Hernandez, the CHS has 18 known felony convictions, including Possession of Controlled Substances. The CHS has no known convictions related to fraud or deception. The CHS has given information outside the scope of this affidavit which has been independently corroborated and verified to be true. The CHS is working in exchange for consideration on state felony charges. The CHS has also received monetary compensation for his/her actions and information in this investigation.

9. On April 1, 2021,[1] TFO Hernandez used the CHS to conduct a controlled

---

[1] TFO Nations' affidavit lists this date as April 1, 2020. I have consulted with him. He verified this was a typo. The date of the controlled purchase was April 1, 2021.

Affidavit of Timothy Wihera - 3          2:22-mj-00078-JAG

purchase of purported methamphetamine from another individual ("DRUG DEALER 1")[2]. Controlled purchase protocols were followed, including the use of pre-recorded funds and searches of the CHS before and after the controlled purchase. This controlled purchase was not audio/video recorded. The CHS purchased 57.1 gross grams of suspected methamphetamine that field-tested presumptive positive for the presence of methamphetamine from DRUG DEALER 1. The substance has since been evaluated by the Drug Enforcement Administration (DEA) Laboratory, which determined it to be 55.5 grams of methamphetamine with approximately 96% purity.

10. During the controlled purchase, officers surveilled DRUG DEALER 1 traveling from a residence to 2527 East South Crescent Circle, then returning to the original residence. (The CHS remained at DRUG DEALER 1's residence during this time.) After the controlled purchase, the CHS told officers that when DRUG DEALER 1 left, DRUG DEALER 1 stated he/she was going to see someone named "Keith" to get the methamphetamine. After the trip to Keith's house, DRUG DEALER 1 sold the suspected methamphetamine to the CHS.

11. During subsequent controlled purchase operations, the CHS told TFO Nations he/she believed DRUG DEALER 1's source of supply to be named Keith and believed Keith to be associated with 2527 East South Crescent Circle, Spokane, Washington.

12. TFO Nations conducted additional research and linked HEWLETT to 2527 East South Crescent Circle via assessor's records and utilities records.

13. On April 30, 2021, officers from the FBI Safe Streets Task Force, including TFO

---

[2] This individual is known to investigators but will not be identified by name in this affidavit to protect an ongoing investigation.

Nations, executed the federal search warrant at 2527 East South Crescent Circle. During execution of the search warrant, no one was home. Agents seized suspected controlled substances from the detached garage, master bedroom, and basement of the residence. These included substances that field-tested presumptive positive for the presence of methamphetamine and heroin.

14. TFO Nations has submitted the items seized from 2527 East South Crescent Circle to the DEA Laboratory for analysis. While complete results have not been returned, at least two of the items seized have been confirmed by the DEA lab to be methamphetamine with respective weights/purities of 6.0 grams with a 97% purity and 40.903 grams with a 99% purity.

15. TFO Nations has advised me during the search warrant he saw indications that occupants of the residence were using chemicals to "cut" methamphetamine. Agent's note: In my training and experience, I have learned "Cutting" a controlled substance is the process of diluting a controlled substance. This results in a decrease in the purity of the substance but allows a distributor of drugs to make more money by selling a higher quantity of a lower quality substance. I am not aware of drug users cutting controlled substances for personal use.

16. In September 2021, I received information from an ATF Confidential Informant (CI). I have reviewed the CI's National Crime Information Center (NCIC) criminal history report. It lists multiple felony convictions, including felony convictions for property crimes, misdemeanor convictions resulting from arrests originally listing felony charges (including drug and forgery offenses), and firearms offenses. The CI's criminal history also lists numerous arrests for failure to comply with supervision orders. The CI's criminal history does not list any arrests or convictions for false information or perjury. The CI admits to past use of controlled substances but denies illegally using controlled substances other than marijuana in the last three

years. The CI participated in ATF investigations in hopes of receiving charging consideration in reference to federal firearms violations. The CI received ATF subsistence funds during participation in investigations.

17. The CI has personal experience in the drug culture, both as a user and distributor of controlled substances. I have spoken with Drug Enforcement Administration (DEA) Task Force Officer (TFO) Luke Brandeberry. TFO Brandeberry advised me that the CI had previously worked for his state agency in the 2017-2018 timeframe. TFO Brandeberry advised me the CI successfully completed approximately 10 controlled purchases during that time, including drug and firearm purchases. TFO Brandeberry advised me he found the CI's information to be accurate and reliable. TFO Brandeberry said he stopped using the CI after learning the CI had been involved in unauthorized illegal activity. The CI has participated in seven successful controlled purchase operations of controlled substances or firearms for me, including the operation described in for his affidavit. The CI has provided me with other information I have found to be reliable.

18. I have stopped using the CI because he/she was arrested on state charges for unauthorized illegal activity (possession of controlled substances) in early 2022. Arresting officers in this case noted that the CI appeared to be trying to direct another individual who was with him/her at the time to accept responsibility for all of the contraband officers located. The CI was subsequently charged with Intimidating a Witness, in violation of Idaho Code §18-2604(3). This statue reads, "Any person who, by direct or indirect force, or by any threats to person or property, or by any manner willfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness or any person he believes may be called as a witness in any criminal proceeding or

juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony." The CI has been arraigned for violating this statute by "attempting to convince [the other party] to 'take [the CI's] charges.'"

19. I have consulted with the Investigator Larry Kirkhart. Investigator Kirkhart advised the District Attorney's office had been notified by the other party's attorney that the CI had made additional attempts to reach the other party while the other party was in jail. Investigator Kirkhart advised that he has reviewed jail calls, video visits, and visitation logs, and has not located any communications in which the CI appears to be tampering with the other party in reference to this incident.

20. In September 2021, the CI advised me Keith HEWLETT is a source of meth and fentanyl pills in the Spokane, Washington, area. The CI identified a driver's license photograph of HEWLETT as the drug source he/she knows as Keith HEWLETT. The CI further advised that he/she heard HEWLETT's house had been raided earlier in the year. The CI identified HEWLETT's residence as being at the corner of East South Crescent Circle and Smith Street (consistent with 2527 East South Crescent Circle).

21. On September 30, 2021, the CI conducted a controlled purchase operation for me. Controlled purchase protocols were followed, including searches of the CI prior to and after the purchase, use of pre-recorded funds, and use of audio/video recorders.

22. During the operation, agents observed the CI arrive at HEWLETT's residence. The CI then went to a nearby business. SCSO Detective Gavin Pratt saw HEWLETT arrive at the business a short time later and meet with the CI. Detective Pratt was able to positively identify HEWLETT from having previously viewed HEWLETT's driver's license photograph.

HEWLETT and the CI then left the area of the business.

23. At the conclusion of the controlled purchase operation, the CI provided me with a plastic baggie containing a clear, crystalline substance I recognized as suspected methamphetamine. I weighed the substance in the baggie and found it to have a total approximate weight of 113 gross grams. I field-tested the substance and it field-tested presumptive positive for the presence of methamphetamine. The CI also provided me with a clear baggie containing what I recognized from training and experience to be suspected fentanyl-laced pills. The total approximate weight of the suspected fentanyl pills in their baggie was 11 gross grams. The suspected fentanyl was not field-tested. These items have been submitted to the DEA Laboratory for analysis, but I have not yet received results.

24. During a debrief of the controlled purchase, the CI advised that he/she paid HEWLETT a total of $1,360 of government funds for what HEWLETT purported to be a quarter pound of methamphetamine and 100 fentanyl pills.

25. Based on the foregoing, I submit that there is probable cause to believe that on September 30, 2021, Raymond Keith HEWLETT committed the offense of Unlawful Distribution of a Controlled Substance.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Timothy Wihera
Special Agent
Bureau of Alcohol, Tobacco, Firearms, & Explosives

Sworn to telephonically and signed electronically on this 22nd day of March 2022.

_____
The Honorable James A. Goeke
United States Magistrate Judge